**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**KIRK STUTES,**

    **Petitioner,**

v.                                Case No. 4:18cv056-WS/CAS

**CRAIG COIL, Warden,
FCI Tallahassee,**

    **Respondent.**

_____/

**REPORT AND RECOMMENDATION**

In an order filed February 1, 2018, Petitioner Kirk Stutes was directed to file his habeas corpus petition using the § 2241 forms provided and also either pay the $5.00 filing fee or file a new motion to proceed in forma pauperis by March 5, 2018. ECF No. 4. Petitioner was specifically warned that a recommendation would be made that this case would be dismissed if Petitioner failed to comply with that order. *Id.* To date, Petitioner has not complied with that order. Notably, although Petitioner filed a change of address with the Court on or about February 27, 2018, and the Court re-mailed the order to the new address, Petitioner still has not responded. *See* ECF Nos. 5, 6, 7.

A trial court has inherent power to dismiss a case sua sponte for

failure to prosecute.   Link v. Wabash R.R., 370 U.S. 626 (1962).   Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order.   Moon v. Newsome, 863 F.2d 835, 838 and cases cited (11th Cir. 1989).   Because Petitioner did not comply with an order of this Court, this petition should be dismissed without prejudice.

Petitioner shall have a 14-day period after service of this report and recommendation in which to file objections.   This will also afford Petitioner a final opportunity to show good cause for this failure to respond. Petitioner may do so by filing a motion for reconsideration which will be referred to me by the Clerk.

It is therefore, respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice.**

**IN CHAMBERS** at Tallahassee, Florida, on April 18, 2018.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's**

**objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**

[Type text]